IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD JERRY PAYNE,

    Petitioner,                    No. CIV 10-CV-2678 MCE CHS (HC)

    vs.

TIMOTHY VIRGA,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

## I. INTRODUCTION

Petitioner, Gerald Jerry Payne, is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges the results of the January 6, 2009 prison disciplinary decision finding him guilty of a serious rules violation and assessing him a forfeiture of thirty days sentencing credit.

## II. ISSUE PRESENTED

Petitioner presents a single issue in his pending federal petition. For a myriad of reasons, he claims that his federal right to due process of law was violated when he was found guilty of a serious rules violation and assessed a forfeiture of thirty days sentencing credit following his January 6, 2009 prison disciplinary rehearing.

1

### III. BACKGROUND

On October 25, 2008, Correctional Officer M. Rupert authored a CDC Form 115 Rules Violation Report ("RVR")[1] charging Petitioner with conduct that could lead to violence, in violation of section 3005(a) of the California Code of Regulations, for an incident described in the report as follows:

> On 10-25-08 at approximately 1620 hours, while performing my duties as an FA7 Block Floor Officer, I was passing out dinner when I came upon cell FA7-213 jointly occupied by inmates PAYNE (V-63408) and MERCADO (V-68053). I handed MERCADO his tray of food and then while waiting for a tray for PAYNE, PAYNE stated, "Hey Ruper, that shit isn't going to fly. Falsifying reports to get me. We'll see who gets it. I talked to my wife today and told her to investigate you on the outside." At that point I felt that the best thing for me to do was to walk away. As I turned, PAYNE stated, "Yeah, that's right, walk away punk." After I finished passing out dinner I informed EOP Sergeant, T.A. Hronek, and informed her of the situation. Please note on the following date, Monday October 20[,] 2008, PAYNE received a CDC-115 from myself for disrespecting staff where he stated[,] among other things, "You will learn to respect me one way or another, punk bitch." PAYNE is a participant in the Mental Health Services Delivery System at the EOP level of care. PAYNE reads above a 4.0 reading level.

Ans. Ex. 7.

Petitioner's original prison disciplinary hearing on the RVR was held on November 28, 2008. Due to alleged due process violations committed during this hearing, the RVR was ordered reissued on December 22, 2008 so that it could be reheard. The rehearing was held on January 6, 2009, and the record reflects that Petitioner entered a plea of not guilty and did not request any witnesses be present on the hearing on his behalf. Following the rehearing, Petitioner was found guilty of the alleged violation of section 3005(a) as described in the October 25, 2008 RVR and, accordingly, was assessed a forfeiture of thirty days sentencing credit.

After exhausting his administrative appellate remedies unsuccessfully, Petitioner

---

[1] CDC Form 115, a "Rules Violation Report," documents conduct that is believed to be a violation of the law or that is not minor in nature. 15 CAL. CODE REGS. § 3312(a)(3). By way of contrast, less serious misconduct is documented with CDC Form 128-A, a "Custodial Counseling Chrono." 15 CAL. CODE REGS. § 3312(a)(2).

2

challenged the outcome of the disciplinary proceeding by seeking habeas corpus relief in California state courts. The Sacramento County Superior Court denied relief on September 2, 2009 with a brief, but reasoned, opinion. Both the California Court of Appeal, Third Appellate District, and the California Supreme Court denied relief without comment on October 1, 2009 and December 2, 2009, respectively. Petitioner filed the instant federal petition for writ of habeas corpus on October 1, 2010. Respondent filed its answer on April 8, 2011, and Petitioner filed his traverse on April 19, 2011.

**IV. APPLICABLE STANDARD OF HABEAS CORPUS REVIEW**

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997). Under AEDPA, an application for a writ of habeas corpus by a person in custody under a judgment of a state court may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n. 7 (2000). Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Penry v. Johnson*, 531 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). This court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

3

## V. DISCUSSION

**A. DUE PROCESS IN THE PRISON DISCIPLINARY CONTEXT**

Petitioner claims that his federal right to due process of law was violated when he was found guilty of a serious rules violation and assessed a forfeiture of thirty days sentencing credit following his January 6, 2009 prison disciplinary rehearing. More specifically, he alleges that he was denied witnesses at his prison disciplinary rehearing, that the reporting employee falsified the October 25, 2008 RVR charging him with conduct that could lead to violence, and that there was no evidence of his guilt. In addition, he claims that the investigating employee falsified his report and that his witnesses did not appear at the rehearing because they were intimidated by California Department of Corrections and Rehabilitation ("CDCR") staff. Petitioner contends that the rehearing was held in error and that instead of a rehearing, his conviction for the rules violation should have been expunged from his record.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause and that the procedures attendant upon that deprivation were not constitutionally sufficient. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459-60; *Board of Regents v. Roth*, 408 U.S. 564, 571 (1972).

A protected liberty interest may arise under either the due process clause itself or a state statute or regulation. *Id*. at 454; *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). Here, Petitioner does not have a protected liberty interest in sentencing credits under the due process clause itself. *See Sandin v. Connor*, 515 U.S. 472, 478-79 (1995); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A liberty interest may arise under state law, however, when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The loss of sentencing credits "inevitably affect[s] the duration of [a petitioner's] sentence." *See id.* at 487. The loss of credits, therefore, involves a right

4

of "real substance" implicating Petitioner's liberty interest under the due process clause. *See Gotcher v. Wood*, 66 F.3d 1097, 1100 (9th Cir. 1995). *See also Wolff*, 418 U.S. at 557 (a prisoner's interest in good time credit had "real substance" and thus entitled him to the protection of the due process clause); CAL. PENAL CODE § 2932(a) (providing that sentencing credits may be forfeited if a prisoner is found guilty of a serious act of misconduct); 15 CAL. CODE. REGS. § 3323 (same). Thus, the procedures employed by prison officials to revoke Petitioner's sentencing credits must have adhered to the requirements of federal due process.

It is well established that inmates subject to disciplinary action are entitled to certain procedural protections under the Due Process Clause, but are not entitled to the full panoply of rights afforded to criminal defendants at trial. *Wolff*, 418 U.S. at 556. *See also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *United States v. Segal*, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). For example, an inmate does not have a right to counsel, retained or appointed, although illiterate inmates are entitled to assistance. *Wolff*, 418 at 570. Nor does an inmate have a right to confidential, irrelevant, or unnecessary information. *Id*. at 556. The United States Supreme Court has explained that, in the context of a prison disciplinary proceeding, an inmate is entitled to advance written notice of the charge against him, an opportunity to call witnesses and present evidence in his own defense where consistent with institutional safety and correctional goals, and a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. *Id*. at 567. As a general rule, however, inmates "have no constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary proceedings. *Ponte*, 471 U.S. at 510. *See also Baxter*, 425 U.S. at 322-23. Instead, the opportunity to call witnesses and present documentary evidence is limited by the rule that "prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." *Ponte v. Real*, 471 U.S. 491, 496 (1984). The right to call witnesses is subject to the "mutual accommodation between institutional needs and objectives

1 and the provisions of the Constitution." *Baxter v. Palmigiano*, 425 U.S. 308, 321 (1976) (citing *Wolff*, 418 U.S. at 556).  *See also Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003); *Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir. 1989).

The decision rendered on a disciplinary charge must be supported by "some evidence" in the record.  *Hill*, 472 U.S. at 455.  A finding of guilt cannot be "without support" or "arbitrary," *id*. at 457, and the information that forms the basis for the decision must possess some indicia of reliability to support due process.  *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard, however,  is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder.  *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-56; *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)).  *See also Barnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1990); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987).  Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986).  Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence.  *Hill*, 472 U.S at 455.  The question is limited to the determination of whether there is any reliable evidence in the record that could support the decision reached.  *Toussaint*, 801 F.2d at 1105.

On the facts in this case, Petitioner's disciplinary conviction meets the requirements imposed by the federal due process clause.  While Petitioner argues that he was denied the right to summon witnesses at his disciplinary proceeding, this claim is contradicted by the record.  In fact, the record reflects that Petitioner declined the opportunity to summon witnesses on several occasions.  *See* Ans. at Ex. 7.  Moreover, Petitioner does not contend that prison officials failed to provide him with advance written notice of the charge against him or a written statement of the evidence relied upon in support of his disciplinary conviction.  In addition a federal court considering a petitioner's habeas corpus claim is not required to examine the entire record,

6

independently assess witness credibility or re-weigh evidence. *Hill*, 472 U.S. at 455-56. The disposition of a disciplinary hearing must be upheld if there is any reliable evidence in the record to support the conclusion reached by the fact finder. The record reflects that the evidence relied upon in determining Petitioner's guilt meets the minimally stringent "some evidence" standard and thus supports the decision reached in Petitioner's disciplinary proceedings.

Moreover, AEDPA establishes a highly deferential standard for evaluation of a state-court ruling. Accordingly, a federal court considering a Petitioner's federal habeas corpus petition must review and give deference to the last reasoned state-court decision on the merits of a petitioner's claim. Here, the Sacramento County Superior Court considered and rejected Petitioner's claim on collateral review, explaining as follows:

> Petitioner is challenging the legality of disciplinary proceedings with respect to his 115 Rules Violation Report (RVR) for "Conduct That Could Lead to Violence" (log # EOP-08-12-055).
>
> First, petitioner claims that Correctional Officer Rupert filed the 115 RVR in retaliation for the fact that he had made three charges of misconduct against the officer. He then claims that the alleged incident which formed the basis for the 115 RVR was entirely made up. Although he admits to informing Officer Rupert that his (petitioner's) wife was going to ask the warden for an independent investigation into his (Rupert's) alleged misconduct, he denies making any kind of threat.
>
> Second, petitioner contends that his due process rights were violated at his initial disciplinary hearing on the 115 RVR when he was allegedly denied his right to call three inmate witnesses and to have the Reporting Employee (RE), Rupert, attend the hearing and be subjected to cross-examination. He then asserts that, in light of these alleged due process violations, the only remedy available to correctional officials was to expunge his 115 RVR. Contrary to what he believes would have been the correct remedy, correctional officials ordered the matter reissued and reheard. Petitioner asserts that this was done to "cover up" the due process violations committed during his first disciplinary hearing. Finally, he claims that none of his witnesses were willing to testify for him at the rehearing as they had been coerced through fear, intimidation, and threat of transfer from the facility into not testifying.
>
> Third, petitioner contends that the first Investigative Employee (IE) put false information in his report. His sole statement in support of this claim is that "[t]he assigned I.E. was in conflict with addressing

> the facts of my witnesses – and as a result added a false statement that was never given, by a witness who was never even interviewed.
>
> Petitioner bears the burden of pleading facts which, if proven true, would entitle him to relief. (*People v. Duvall* (1995) 9 Cal.4th 464.) In order to meet this burden, he must state with particularity the facts upon which he is relying to justify relief. (*In re Swain* (1949) 34 Cal.2d 300, 303-304.) "Such factual allegations should also be supported by '[reasonably available' documentary evidence or affidavits.'" (*In re Harris* (1993) 5 Cal.4th 813, 827 fn. 5.)
>
> An inmate may request the presence of friendly and adverse witnesses at his disciplinary hearing. (Title 15, Cal. Code Regs., § 3315(e).) Prison officials are required to call the requested witnesses unless the official conducting the hearing denies the request for one of the following reasons: the witness's appearance would endanger him or her, the presiding official determines that the witness has no relevant or additional information, or the witness is unavailable. (Title 15, Cal. Code Regs., § 3315(e)(1).) The reasons for the denial must be documented on the CDC Form 115. (Title 15, Cal. Code Regs., § 3315(e)(2).) The reporting employee shall attend the disciplinary hearing or be available for questioning via speakerphone if requested by the inmate. (Title 15, Cal. Code Regs., § 3315(e)(4).)
>
> Contrary to petitioner's belief, the due process errors allegedly committed during the proceedings on the initial 115 RVR were remedied when the 115 RVR was ordered reissued and reheard. Although he was given several chances to request witnesses at the hearing on the reissued RVR, he declined to do so. Peetitioner's claim that his witnesses had been intimidated into not testifying is both vague and conclusory, and completely unsupported by any declarations or affidavits from those proposed witnesses. Likewise, his claim that Correctional Officer Ruper falsified the 115 RVR is both conclusory and unsupported by documentary evidence. Petitioner's final claim, that the IE allegedly documented having received a statement from a witness that he never interviewed, is also vague and conclusory.
>
> Petitioners' claims that the 115 RVR presented false information and that the alleged due process violations were not properly remedied are meritless. His claim that the IE provided false information in his report fails to state facts which demonstrate a prima facie case for relief.

Ans. Ex. 2. The state court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it an unreasonable determination of facts in light of the evidence.

Petitioner is not entitled to federal habeas corpus relief on his claim.

/////

8

## VI. CONCLUSION

Accordingly, IT IS RECOMMENDED that the pending petition for writ of habeas corpus be denied. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 17, 2012

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE